UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JORDAN and MARILYN
McCONNELL,

    Plaintiffs,

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

Case No. 11-13969

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 6, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

In this lawsuit, Ronald Johnson and his wife, Marilyn McConnell (collectively, "Plaintiffs"), seek to recover benefits under an insurance policy issued by Allstate Property and Casualty Insurance Company ("Allstate"). Presently before the Court is Plaintiffs' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56 on May 18, 2012. This matter has been fully briefed, and the Court held a hearing on July 26, 2012. For the reasons set forth below, the Court grants Plaintiffs' motion.

**I. Factual and Procedural Background**

Plaintiffs and McConnell's daughter resided at a home located in Detroit, Michigan. This home was insured under a policy purchased from Allstate. On March 1, 2011, a fire caused by an electrical appliance damaged the home. With the assistance of an adjusting firm, Jordan filed a claim under the Allstate insurance policy. In support of this claim, Plaintiffs provided a "Sworn Statement in Proof of Loss." *See* Pl.'s Br. Ex. 4. Plaintiffs also submitted a 15-page inventory of personal property allegedly destroyed by the fire. *See* Pl.'s Br. Ex. 5. The claimed total replacement cost of the property on this list was $72,320.41.

Allstate investigated this claim. The investigation included an examination of Jordan and requests for certain records and documents establishing ownership of the claimed personal property. On August 4, 2011, Allstate denied the claim, stating the following grounds for its decision:

1. You have willfully concealed and misrepresented facts and circumstances of a material nature with the intent to defraud us, including, among other things, concealments and misrepresentations regarding the following:

    a. The quantity, quality, and value of the personal property purportedly damaged in the March 1, 2011 fire;

    b. The true amount of loss, if any, actually sustained; and

    c. The extent of the claimed loss.

2. You have presented false affidavits and documents, including documents entitled Sworn Statement in Proof of Loss and Personal Property Inventory in connection with your presentation of the claim which have fraudulently exaggerated the true amount of loss, if any, actually sustained, which also nullifies your right to recover under the policy; and

3. You have failed to substantially comply with the loss provisions of the policy, in that you have failed to:

    a. Submit a Sworn Statement in Proof of Loss in accordance with the provisions of the policy, including providing us with specifications or repair estimates relating to your structure claim;

    b. Provide records and documents regarding your income and financial condition at the time of the March 1, 2011 fire; and

    c. Produce verification of your ownership and/or acquisition of the personal property included in your claim, including bills of sale, receipts, canceled checks, etc.

Pl.'s Br. Ex. 6.

Jordan filed this action in Wayne County Circuit Court on August 19, 2011, asserting claims of breach of contract (Count I) and failure to make payment within thirty days of receipt of an insurance claim (Count II). Allstate removed the action to this Court on September 12, 2011, and McConnell was later added as a plaintiff pursuant to a stipulation of the parties. Plaintiffs have now moved for summary judgment pursuant to Rule 56.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. at 2553.  Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).  To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient.  *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.  The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor.  *Id.* at 255, 106 S. Ct. at 2513.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III. Discussion

The parties dispute whether Allstate breached the insurance policy by denying Jordan's claim.  Allstate denied coverage based on the following policy provision:

> We do not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss, claims, or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance.

*See* Pl.'s Br. Ex. 2 at 24.  The insured bears the burden of proving coverage, but an insurer denying coverage based on a policy exclusion must prove that the exclusion applies.  *See Heniser v. Frankenmuth Mut. Ins.*, 449 Mich. 155, 161 n.6, 534 N.W.2d 502, 505 n.6

4

(Mich. 1995). Where, as here, the insurer denies coverage based on allegations of fraud, the insurer must prove this defense by a preponderance of the evidence. *Mina v. Gen. Star Indem. Co.*, 218 Mich. App. 678, 685, 555 N.W.2d 1, 4-5 (Mich. Ct. App. 1996).

Allstate notes that Plaintiffs have not provided support for their claim in the form of bills of sale, receipts, or canceled checks for the personal property at issue. Def.'s Br. 1. Allstate argues that this is particularly noteworthy with respect to a number of items that Plaintiffs claim to have acquired within the last 3 years, including: 3 laptop computers valued at $1,608.02; a "computer system" valued at $689.00; a 37" plasma television valued at $577.70; 3 pairs of men's dress shoes valued at $2,540.82; and 3 pairs of eyeglasses valued at $3,577.50. The Court is unaware of any legal authority requiring the insured to provide bills of sale, receipts, or canceled checks to substantiate ownership of personal property. The lack of such documentation does not necessarily indicate fraud.

Allstate has argued that Plaintiff's estimated losses with respect to these items are "grossly and fraudulently inflated." In response, Plaintiffs have provided information from websites establishing that the Gold & Wood eyeglasses that Plaintiffs claim to have lost in the fire sell for prices in excess of $1,000 per pair. Goldman Aff. Ex. 1. Plaintiffs have also provided information establishing that the claimed Mauri men's shoes sell for prices in excess of $1,000 per pair. Goldman Aff. Ex. 2. This evidence contradicts Allstate's argument that the value of the claimed property was inflated. Allstate has not provided any contrary valuation with respect to these items. Allstate has also failed to provide any evidence supporting its argument that the values of the claimed computer systems and television were inflated.

Allstate notes that Michael Navigato, the adjuster who assisted Plaintiffs with their insurance claim, testified that some of the values in the inventory appeared to be inaccurate and could be the result of typographical errors. *See* Navigato Dep. 35:8-25, 43:2-14, Apr. 6, 2012. This testimony does not support a defense of fraud, because while it indicates that the listed values were inaccurate, it does not suggest that the misstatement was purposeful. "Fraud or false swearing implies something more than mistake of fact or honest misstatements on the part of the insured." *Mina*, 218 Mich. App. at 686, 555 N.W.2d at 5.

In its brief, Allstate argued that Plaintiffs lacked the resources necessary to buy the items that they claim to have purchased during the last few years. Allstate relies upon a "Hardship Affidavit" that Jordan completed in January 2010 in which he requested a loan modification from his mortgage lender. *See* Def.'s Br. Ex. D. The Court believes that this affidavit only establishes Plaintiffs' financial situation at one point in time. According to an analysis of the personal property inventory, Plaintiffs purchased a substantial portion of the items in question before and after that time. *See* Pl.'s Br. Ex. 15. The Court does not believe that this limited proof of Plaintiffs' financial circumstances in January 2010 is sufficient to establish fraud by a preponderance of the evidence. Jordan also testified at his examination that at the time of the fire, he was four months behind on his mortgage payments. Jordan Exam. 38:1-6, May 10, 2011. He explained, however, that his failure to make these mortgage payments was the result of his choice to pursue a debt reduction program through an organization called Project Live. *See* Jordan Exam. 39:2-9. Thus, his mortgage delinquency does not necessarily indicate that he lacked financial resources.

The Court concludes that even if Allstate's evidence is believed, it would not be sufficient to establish fraud. Because Allstate has failed to establish a genuine issue of material fact with respect to its fraud defense, the Court concludes that Plaintiffs are entitled to summary judgment with respect to their claims.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for summary judgment is **GRANTED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

Marc A. Goldman, Esq.
Cary R. Berlin, Esq.
Paul Johnson, Jr., Esq.