UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JORDAN and MARILYN
McCONNELL,

    Plaintiffs,                                Case No. 11-13969

v.                                                 Honorable Patrick J. Duggan

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Ronald Johnson and his wife, Marilyn McConnell (collectively, "Plaintiffs"), filed this suit to recover benefits under an insurance policy issued by Defendant Allstate Property and Casualty Insurance Company. On May 18, 2012, Plaintiffs filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and on August 6, 2012, the Court granted Plaintiffs' motion. On August 27, 2012, Defendant filed a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h), and this motion is presently before the Court.[1]

Eastern District of Michigan Local Rule 7.1(h) states the grounds for granting a motion for reconsideration; it provides:

---

[1] The Court entered an Order, to which Plaintiffs consented, extending Defendant's time to file a motion for reconsideration by one week. (Aug. 20, 2012 Consent Order, ECF No. 29.) The motion is therefore timely.

1

> The movant must [1] not only demonstrate a palpable defect [2] by which the court and the parties have been misled but also [3] show that correcting the defect will cause a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citation omitted). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "'to give an unhappy litigant one additional chance to sway the judge.'" *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Defendant argues that the Court misapprehended the nature of its fraud defense and erroneously concluded that the issue of whether an insured's alleged misstatements in connection with an insurance claim were innocent or fraudulent could be resolved as a matter of law. (Def.'s Recons. Br. 2.) Specifically, Defendant believes that the Court analyzed the fraud claim by considering whether Plaintiffs overstated the price of various items of personal property instead of considering whether Plaintiffs even acquired and owned such property in the first instance. The Court disagrees.

In granting the Plaintiffs' motion for summary judgment, the Court determined that "[w]here, as here, the insurer denies coverage based on allegations of fraud, the insurer must prove this defense by a preponderance of the evidence." (Aug. 6, 2012 Op.

& Order 5 (citing *Mina v. Gen. Star Indem. Co.*, 218 Mich App. 678, 685, 555 N.W.2d 1, 4-5 (1996)).) Moreover, on a motion for summary judgment, Defendant, as the non-moving party, was required to present sufficient evidence upon which a jury could reasonably find in its favor; a "scintilla of evidence" does not suffice. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). Similarly, to defeat summary judgment, Defendant was required to point out specific material facts – beyond the pleadings or mere allegation – which gave rise to a genuine issue of law for trial. *Id.* 477 U.S. at 256, 106 S. Ct. at 2514. Defendant did not satisfy either burden by merely asserting that it disbelieved Plaintiffs' claims.

Defendant now argues that the Court should reconsider its prior ruling and in support states that it "does not believe that the Plaintiffs acquired over $30,000 in personal property in the two years immediately before the fire." (Def.'s Recons. Br. 4.) Defendant "does not believe this claim, in part, because the Plaintiffs have provided no support or verification for the claim in the forms of bills of sale, receipts, etc." (*Id.*) Defendant posits that its belief is supported by the fact that "Plaintiffs were experiencing financial difficulties at the time they claim to have acquired this property." (*Id.*) These arguments were addressed and specifically rejected by the Court in the Opinion and Order Defendant now urges this Court to reconsider. (Aug. 6, 2012 Op. & Order 5, 6-7.)

An analysis of the aforesaid Opinion and Order reveals that the Court did consider Defendant's ownership argument. By way of illustration, the Court addressed Defendant's argument that Plaintiffs lacked the resources to buy the items they claimed

3

to have purchased in the years preceding the fire. (*Id.*, at 6-7.) This portion of the Opinion and Order necessarily addressed the ownership issue as it explored whether Plaintiffs possessed the resources to purchase the personal property. Whether Defendant "believed that Plaintiffs perpetrated the alleged fraud (thus rendering the claim void pursuant to the insurance contract) by misrepresenting the price of various items of personal property or by misrepresenting the items they owned, Defendant's burden was to prove fraud by a preponderance of the evidence. *Mina*, 218 Mich. App. at 685, 555 N.W.2d at 4-5. This Defendant did not do.

Defendant's argument that the Court erroneously granted summary judgment due to a lingering factual dispute about Plaintiffs' state of mind with respect to the alleged misstatements in their "Sworn Statement in Proof of Loss" is similarly misplaced. Defendant raised this same argument in opposing Plaintiffs' summary judgment motion and the properly Court rejected it. (Aug. 6, 2012 Op. & Order 6.) A motion for reconsideration is not designed to give the losing party a second bite at the apple. *Pakideh*, 99 F. Supp. 2d at 809.

The Court concludes that Defendant's reconsideration motion reiterates the arguments it made in opposing Plaintiffs' motion for summary judgment. The Local Rules clearly indicate that motions for reconsideration will not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Defendant failed to discharge its burden on summary judgment, failed to point to specific material facts supporting its affirmative

4


fraud defense, and has not raised a palpable defect with respect to this Court's August 6, 2012 Opinion and Order.

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration is **DENIED**.

Dated: January 10, 2013                s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:

**Marc A. Goldman, Esq.**
**Cary R. Berlin, Esq.**
**Paul Johnson, Jr., Esq.**