UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JORDAN and MARILYN
McCONNELL,

       Plaintiffs,                            Case No. 11-13969

v.                                     Honorable Patrick J. Duggan

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

       Defendant.

_____/

## OPINION AND ORDER

Ronald Johnson and his wife, Marilyn McConnell (collectively, "Plaintiffs"), filed this suit to recover benefits under an insurance policy issued by Defendant Allstate Property and Casualty Insurance Company ("Allstate"). On May 18, 2012, Plaintiffs filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and on August 6, 2012, the Court granted Plaintiffs' motion. On August 27, 2012, Defendant filed a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h), which the Court denied in an Opinion and Order dated January 10, 2013. Presently before the Court is Plaintiffs' Motion to Stay Civil Action, to Direct the Parties to Appraisal and Appoint Umpire in the Event the Parties are Unable to Agree on the Appointment of an Umpire ("Appraisal Motion"). For the reasons stated herein, the Court denies Plaintiffs' motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs and McConnell's daughter resided at a home located in Detroit,

Michigan.  This home was insured under a policy purchased from Allstate.  On March 1,

2011, a fire caused by an electrical appliance damaged the home.  With the assistance of

an adjusting firm, Jordan filed an insurance claim with Allstate.  In support of this claim,

Plaintiffs provided a "Sworn Statement in Proof of Loss" and a "Personal Property

Inventory."  (Pls.' Mot. Summ. J. Exs. 4, 5.)

Allstate investigated Plaintiffs' insurance claim.  The investigation included

examinations under oath and requests for certain records and documents establishing

ownership of the claimed personal property.  On August 4, 2011, Allstate denied the

claim for a myriad of reasons including fraud and misrepresentation in connection with

the claim.  (*See* 8/6/2012 Op. & Order 2-3.)  The instant action, which asserts claims of

(1) breach of contract and (2) failure to make payment within thirty days of receipt of an

insurance claim, was filed in state court on August 19, 2011.  Allstate removed the case

to this Court on September 12, 2011 on the basis of diversity jurisdiction.

On May 18, 2012, Plaintiffs filed a motion for summary judgment pursuant to

Federal Rule of Civil Procedure 56.  As Plaintiffs stated in their Reply Brief, "this is not a

hearing to determine the replacement value of the contents, or its existence, but rather a

motion to establish that [Allstate's] defenses, as submitted, cannot justify denial of the

claim based on fraud."  (Pls.' Summ. J. Reply Br. 2.)  The Court agreed with Plaintiffs

and granted Plaintiffs' Motion for Summary Judgment, concluding "that even if

Allstate's evidence is believed, it would not be sufficient to establish fraud."  (8/6/2012

Op. & Order 7.)  The Court reiterated this position in its Opinion and Order denying Allstate's Motion for Reconsideration.  (1/10/2013 Op. & Order.)

On August 7, 2012, Plaintiffs filed a motion seeking an order from this Court directing the parties to appraisal and to appoint an umpire in the event the parties could not agree on the appointment of an umpire pursuant to Michigan Compiled Laws § 500.2833(1)(m).  The Court indicated that Allstate could respond to this motion after the Court ruled on Allstate's forthcoming reconsideration motion.  After the Court issued its ruling, Allstate replied to Plaintiffs' appraisal motion on January 24, 2013.  Plaintiffs replied on January 31, 2013.

## II.    APPRAISAL

On the basis of the Court's prior rulings, Plaintiffs assert that "[a]ll that remains to be determined [in the instant action] is the amount to be paid under the terms of the policy for the items identified on the Sworn Statement in Proof of Loss for the dwelling and the amended contents."  (Pls.' Appraisal Mot. ¶ 3.)  This belief is based on a misapprehension of the issues remaining in this case, a misapprehension which the Court acknowledges it contributed to when it wrote "[b]ecause Allstate has failed to establish a genuine issue of material fact with respect to its fraud defense, the Court concludes that Plaintiffs are entitled to summary judgment with respect to their claims."  (8/6/12 Op. & Order 7.)  As explained in the preceding section of this Opinion and Order, the Court granted Plaintiffs' Motion for Summary Judgment with respect to Allstate's fraud defense, nothing more and nothing less.

3

Michigan law requires each fire insurance policy issued in the State of Michigan to include an appraisal provision incorporating the following language:

> That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by the insured and the insurer.

Mich. Comp. Laws § 500.2833(1)(m).  Consistent with this statutory directive, Allstate's insurance policy contains appraisal provisions in the event Allstate and its Insured are unable to agree on the actual cash value or amount of loss.  Plaintiffs made the demand for appraisal required by the statute and Allstate's refusal to appoint its own appraiser led to the filing of the instant motion.

Allstate argues that appraisal is inappropriate because "this is not a dispute regarding values or the extent of loss but, rather, whether articles of personal property

4

claimed by [] Plaintiffs actually existed and were of the quality and age claimed by []

Plaintiffs."  (Def.'s Resp. 4.)  Allstate's position is sound.

The Court notes at the outset that precluding Allstate from proceeding with its

affirmative defense of fraud is not synonymous with a finding that Plaintiffs satisfied

their burden with respect to the two counts alleged in their Complaint.   As Plaintiffs have

previously explained, "the burden of proving coverage is on the insured."  (Pls.' Br. in

Supp. Summ. J. 15 (citing *Heniser v. Frankenmuth Mut. Ins.*, 449 Mich. 155, 161 n.6,

534 N.W.2d 502, 505 n.6 (1995) (citation omitted)).)  While it is true that Allstate

shouldered the burden of proving fraud by a preponderance of the evidence, *Mina v. Gen.*

*Star Indem. Co.*, 218 Mich. App. 678, 685, 555 N.W.2d 1, 4-5 (1996), Allstate's failure

to satisfy this burden is wholly independent of Plaintiff's burden to prove damages.

Although Allstate has been precluded from denying all coverage under the policy

due to a lack of proof regarding fraud, Allstate may still challenge the extent of their

liability under the policy in light of Plaintiffs' failure to "produce verification of []

ownership and/or acquisition of the personal property included in [their] claim[.]"

(8/4/2011 Letter, Pls.' Mot. Summ. J., Ex. 6.)  While the lack of such verification did not

support a finding of fraud, given the circumstances of this case, it does create a question

of fact for the jury because whether the claimed personal property existed is neither an

issue of valuation for the appraisers nor an issue of coverage for the court.  Whether the

claimed property existed will likely come down to a credibility determination, and such

determinations are uniquely within the province of a jury.

In sum, Plaintiff retains the burden of proving coverage under the policy and of establishing damages.  *Heniser*, 449 Mich. at 161 n.6, 534 N.W.2d at 505 n.6.  Plaintiffs' self-serving sworn statements are insufficient to discharge this burden, particularly given Plaintiffs' assertion that the summary judgment hearing was "not a hearing to determine the replacement value of the contents, or its existence[.]"  (Pls.' Summ. J. Reply Br. 2.) As such, the Court believes that issues of fact remain as to the extent of Allstate's liability.  This is particularly true in light of Allstate's policy, which provides that it has "no duty to provide coverage" if the insured fails to present sufficient documentation regarding the claimed losses and the "failure to comply is prejudicial[.]"  (Allstate Homeowners Policy, Pls.' Supp. Ex. 2., at 16-17.)

### III.    CONCLUSION AND ORDER

For the reasons set forth above, the Court believes that Plaintiffs' motion to submit their insurance claims to appraisal must be denied.  The Court further believes that Plaintiffs' claims should be resolved by a jury.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Stay Civil Action, to Direct the Parties to Appraisal and Appoint Umpire in the Event the Parties are Unable to Agree on the Appointment of an Umpire is **DENIED**;

**IT IS FUTHER ORDERED** that Plaintiffs' claims shall be decided in a jury trial at a date to be set by the Court;

**IT IS FURTHER ORDERED** that a pretrial hearing on this matter shall take place on **February 26, 2013 at 2:00 p.m.**  The parties shall meet and jointly prepare a pretrial statement to be submitted to the Court at the time of the pretrial hearing.

Dated: February 6, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
**Marc A. Goldman, Esq.**
**Cary R. Berlin, Esq.**
**Paul Johnson, Jr., Esq.**